ISAAC HOPEWELL *v.* CHARLOTTE HOPEWELL, ETC.

**Husband and Wife—Wife's Property—Trust.**

A husband becomes vested with an interest in the money of his wife in the hands of an executor, and where the money, with the consent of the wife, was placed by the husband in the hands of a trustee for their joint benefit, a trust is created by the husband for the benefit of the wife, and not by the wife for the benefit of the husband

**Divorce—Attorneys' Fees—Liability for.**

A wife's estate can not be held liable for the payment of the husband's attorneys in an action by the wife for divorce.

APPEAL FROM BATH CIRCUIT COURT.

February 12, 1873.

OPINION BY JUDGE PRYOR:

This case is unlike the case of *Philips v. Philips*, recently decided by this court. In that case the conveyance was not executed in consideration of marriage nor did the wife become vested with an in-

terest in the property by reason of the marriage. The husband in the case under consideration was vested with an interest in the money to which the wife was entitled in the hands of Magowan's executor. This interest of his was acquired in no other way than by reason of the marital relation. He had the right to collect it, or if he saw proper, to apply it to the payment of his debts, or might have transferred it without the consent of the wife to a stranger, either for the benefit of the latter, or in trust for himself, subject to the wife's right to an equitable settlement out of it. A creditor of the husband could have subjected it to the payment of her husband's debt subject to this equity that she might have asserted. In this case the only equity the wife asserted was to consent to place the money in the hands of a trustee to be held and for their joint benefit, and by this conveyance she made no gift to the husband nor did she part with any other interest in it than her right to a settlement, and this she had secured by the excution of the trust, or rather by its execution on the part of the husband. She made no gift to the husband as it was already his and the conveyance to Daugherty in trust was only securing to the wife a support out of it. If the husband had collected the whole of it and placed it in the hands of the trust it could not be said to have been a gift from the wife, or if the wife had gone into a court of equity and removed all claim to any settlement upon her and consented that it might be paid to the husband it would not have been a gift for the reason that it already belonged to him and the chancellor would have ordered it paid over for the reason that his rights as husband entitled him to receive it. The trust in this case was created by the husband for the benefit of the wife and not by the wife for the benefit of her husband.

The money or a part of it was after the execution of the deed invested in real estate. This is also the property of the wife, as the mere change in the character of the estate can not deprive her of her right to it as provided by the 6th section of Article 3, Chapter 47, Revised Statutes. See 8 Bush 156. There is no law authorizing the payment of the husband's attorneys out of the estate of the wife for services rendered him in resisting a suit for a divorce.

Judgment *affirmed*.